IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **Andre Delk,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| **Central Transport, LLC** ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| ) | |
| **Defendant** ) | |

## COMPLAINT

Plaintiff, Andre Delk (hereinafter "Plaintiff"), by and through his counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant, Central Transport, LLC (hereinafter "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) and he seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of failing to pay the overtime premium for hours worked in excess of forty (40) during any workweek and its practice of automatically deducting thirty (30) minutes from compensable time on a daily basis for a meal period, despite the fact Plaintiff frequently was not able to take a full uninterrupted thirty (30) meal break. Therefore, Defendant regularly required Plaintiff to work off-the clock,

failed to pay him for all overtime hours worked and failed to pay the required overtime premium pay under the FLSA.

## THE PARTIES

3. Plaintiff is an adult individual who is a resident of Charlotte, North Carolina.

4. Plaintiff has been employed by Defendant since June 2018.

5. Upon information and belief, Defendant is an Indiana limited liability company, licensed to business in North Carolina and operates a facility located at 601 Johnson Road, Charlotte, North Carolina 28206.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

7. This Court has personal jurisdiction because Defendant conduct business in Mecklenburg County, North Carolina, which is located within this judicial district.

8. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg, North Carolina.

## COVERAGE ALLEGATIONS

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

13. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## PLAINTIFF'S FACTUAL ALLEGATIONS

14. Plaintiff has been employed by Defendant since June 1, 2018. Plaintiff was hired as a dock worker/forklift driver responsible for unloading freight from trucks at the freight terminal operated by Defendant.

15. Throughout his employment, Plaintiff has been a nonexempt employee within the meaning of the FLSA. As a nonexempt employee, the Plaintiff was entitled to be paid overtime compensation for any hours worked in excess of forty (40) hours in any workweek. Plaintiff has been in fact classified as nonexempt by Defendant during his employment.

16. Between June 1, 2018 and January 11, 2019, Plaintiff's straight time hourly rate of pay was $16.00 per hour. Plaintiff was assigned to work on Defendant's first shift.

3

Case 3:20-cv-00152-GCM   Document 1   Filed 03/10/20   Page 3 of 6

17. Between June 1, 2018 and January 11, 2019, Plaintiff worked in excess of forty (40) hours each workweek on a regular basis. However, when Plaintiff worked in excess of forty (40) hours in a workweek, he did not receive the overtime premium pay required by the FLSA. Instead, Plaintiff was only paid his straight time hourly rate of $16.00 for each overtime hour worked.

18. Plaintiff is owed the overtime premium pay of one-half of his hourly regular rate of pay, or $8.00, for each hour worked in excess of forty (40) in any workweek between June 1, 2018 and January 11, 2019.

19. Defendant had knowledge that Plaintiff regularly worked in excess of forty (40) hours per work week and was not being paid the overtime premium paid required under the FLSA. Plaintiff complained on approximately ten (10) occasions to Dock Supervisor Johnny Hicks regarding Defendant's failure to pay the required overtime premium pay. Hicks responded to Plaintiff's complaints by stating: "Go find another job."

20. Each day that Plaintiff worked, Defendant automatically deducted 30 minutes from Plaintiff's compensable time under the guise of a meal period deduction. Plaintiff did not clock in and clock out for meal periods.

21. However, during his employment, Plaintiff regularly did not receive a full thirty (30) minutes for his meal period. Plaintiff's meal periods were regularly interrupted, and Plaintiff was called back to work before his thirty (30) minute meal period was completed. Despite the fact he was not receiving a full thirty (30) meal period on these workdays, Defendant still deducted a full thirty (30) minutes from Plaintiff's compensable work time. Therefore, Defendant had a policy of regularly requiring Plaintiff to work off the clock and failing to pay overtime premium pay for these compensable meal periods of less than thirty (30) minutes.

22.     Defendant was aware Plaintiff's meal periods were frequently less than thirty (30) minutes. Despite this knowledge, Defendant continued to deduct thirty (30) minutes from Plaintiff's compensable time.

## FIRST CAUSE OF ACTION VIOLATION OF FLSA

23.     Plaintiff incorporates by reference paragraphs 1-22 of his Complaint.

24.     Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

25.     Defendant violated the FLSA by failing to pay Plaintiff for all hours worked, including his meal periods that were less than thirty (30) minutes in length.

26.     Defendant violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Plaintiff.

27.     Defendant's violation of the FLSA was willful.

28.     Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid wages and unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff.

b) An Order awarding the costs of this action.

c) An Order awarding reasonable attorneys' fees.

d) An Order awarding interest at the highest rates allowed by law; and

e) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Jacob J. Modla
Jacob J. Modla (Bar No: 17534)
The Law Offices of Jason E. Taylor P.C.
454 S. Anderson Rd.
Suite 303
Rock Hill, SC 29730
Telephone: 803-328-0898
E-Mail: jmodla@jasonetaylor.com

March 10, 2020